## THEBAUD et al. v. NATIONAL CORDAGE CO.

(Circuit Court, S. D. New York. September 25, 1893.)

ATTACHMENT—INDEMNITY BOND TO SHERIFF—MOTION TO CANCEL.

Where a sheriff has levied an attachment upon personal property, and, upon claim thereto being made by third parties, has required the attaching creditor to give him a bond of indemnity, the court will not cancel the bond, upon motion by the plaintiff in the attachment suit, when the rights of the third parties claimant against the sheriff have not been determined in the action.

### At Law.

Action by Paul L. Thebaud and another against the National Cordage Company, a foreign corporation. The action was begun in the New York supreme court by attachment, and was removed by the defendant to the circuit court for the southern district of New York. Property in storage warehouses, which the plaintiffs claimed belonged to the defendant, was levied on by the sheriff. Thereupon, replevin suits were begun against the sheriff by various parties claimant. The sheriff demanded from the plaintiffs in the attachment suit an indemnity bond for $150,000. The plaintiffs obtained a bond for that amount from the Lawyers' Surety Company, as surety, depositing with that company $50,000 as cash to secure it against liability. The plaintiffs and the surety company were substituted as defendants in the replevin suits in place of the sheriff, pursuant to the provisions of the New York statute. The replevin suits were discontinued by consent, the plaintiffs in these suits consenting to a discharge of the bond of indemnity. Thereafter, the attachment was vacated. The plaintiffs moved upon affidavits setting up those facts, and also that the Lawyers' Surety Company refused to repay to them the $50,000 deposited with it as collateral until the bond was canceled, and moved for an order of the court to cancel the bond. The sheriff replied by affidavits setting up that he was still in possession of a part of the property levied on, and that keepers' fees and the poundage of the sheriff had not been paid. He also set up the fact that he had not received a general release from the attorneys, or any of the claimants, releasing him from damage and responsibility by reason of the levy of the attachment. Motion denied.

William J. Courtney, for the motion.
Strong & Cadwalader, opposed.

LACOMBE, Circuit Judge. The motion is denied. This court, upon summary motion made in this case, should not undertake to

determine what rights, if any, the third parties claimant of the goods levied upon may or may not have against the sheriff, nor, in advance of a. final adjustment of all possible claims in such form as would be binding upon all parties, should it interfere with the security the sheriff has obtained from those who required him to take the responsibility of levy. That the complainants entered into a most improvident contract with the surety company, or that the latter is acting unconscionably in retaining their cash as collateral security, when all chance of the company's being called on to respond is at an end, does not alter the situation, so far as the sheriff is concerned.